UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>                    Plaintiff,<br>    v.<br><br>JIM PENA, in his official capacity as Regional Forester of Region Six U.S. Forest Service; UNITED STATES FOREST SERVICE, an agency of the United States; and RODNEY SMOLDON, in his official capacity as Supervisor of the Colville National Forest,<br><br>                    Defendants. | NO: 2:16-CV-294-RMP<br><br>ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for a Preliminary Injunction, ECF No. 12. A hearing was held in this matter on October 14, 2016. Brian Ertz appeared on behalf of Plaintiff. Assistant U.S. Attorneys Rudolf Verschoor and Vanessa Waldref appeared on behalf of the Federal Defendants, and Lawson Fite appeared on behalf of Intervenor Defendants. This Order is entered to memorialize the Court's oral rulings.

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 1

Plaintiff filed this suit pursuant to the Administrative Procedure Act, alleging that Defendants' "actions or omissions violate the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4331 et seq., the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq." Complaint at 2, ECF No. 1. In order to prevent Defendants from immediately proceeding with the North Fork Mill Creek A to Z Project ("Project"), Plaintiff sought a preliminary injunction to avoid irreparable harm and so that the status quo could be preserved. *See* Mot. for a Preliminary Injunction ("Motion") at 2, ECF No. 12.

## DISCUSSION

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion" (emphasis in original). *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Ordinarily, to obtain a preliminary injunction, the moving party must "demonstrate that (1) he is likely to succeed on the merits of such a claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Lopez*, 680 F.3d at 1072 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In conjunction with the four-part post-*Winter* test, the Ninth Circuit holds: that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 759 n.1 (9th Cir. 2014) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted)).

**(1) Likelihood of success on the merits**

Plaintiff's counsel devoted the majority of his memorandum and his allotted time during oral arguments to arguing the strength of Plaintiff's case. *See* Motion at 1-13, ECF No. 12. The Administrative Procedure Act permits the reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706. Plaintiff argues that the procedures relied upon by Defendants in preparing for the Project violated the National Forest Management Act and the National Environmental Policy Act. *See generally* Motion, ECF No. 12.

Specifically, Plaintiff takes issue with the Forest Service's bidding practices, their monitoring of Forest Plan Implementation, monitoring of management indicator species, and argues that these alleged violations of the National Forest Management Act will harm the environment and wildlife. *See* Motion at 4-8, ECF No. 12. Plaintiff also argues that "[t]he DN/FONSI [Decision Notice and Finding

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 3

of No Significant Impact] for the NF Project is arbitrary and capricious, because an EIS [Environmental Impact Statement] covering both of the Mill Creek Projects should have been prepared, and because the EA [Environmental Assessment]'s consideration of cumulative impacts is inadequate." *Id*. at 8.

Plaintiff submitted numerous affidavits and declarations from interested individuals and purported experts to support its claims, including the Declaration of Jeff Juel, ECF No. 12-1; Declaration of Dr. Sara Jane Johnson, ECF No. 12-2; Declaration of Katie Fite, ECF No. 12-3; Second Declaration of Jeff Juel, ECF No. 33; as well as relevant documents such as the Decision Notice and Finding of No Significant Impact, ECF No. 34-1; and excerpts from the Middle and South Fork Mill Creek A to Z Project Scoping Purpose and Need Statement, ECF No. 14-3; and excerpts from the North Fork Mill Creek A to Z Project: Project Economics and Logging Systems Specialist Report, ECF No. 14-4.

In response to Plaintiff's allegations, Defendants provided declarations from individuals who are knowledgeable about the Project, including Rodney Smolden, ECF No. 22; Michael Borysewicz, ECF No. 23; Katherine Sanchez Meador, ECF No. 24 (and attached North Fork Mill Creek A to Z Project Environmental Assessment, ECF No. 24-1); and Karen Honeycutt, ECF No. 25 (and attached North Fork Mill Creek A to Z Project Fisheries Specialist Report, ECF No. 25-1). Collectively, Defendants' documentation provides significant details regarding the analysis of potential environmental effects of the Project, which was intended "to

treat forest vegetation in order to move forest stands to more closely reflect historical tree species, spacing, and size classes, and to improve tree vigor, reduce susceptibility to insect and disease, and reduce the threat of severe wildfire." North Fork Mill Creek A to Z Project Environmental Assessment at 5, ECF No. 24-1.

Plaintiff has not provided sufficient evidence for the Court to doubt Defendants' determinations regarding the Project's impact on the environment. At oral argument, Plaintiff made a reasonable showing that sediment may impose injury to fish, but the Court is unable to determine from the evidence whether this impact will be significant. Although Plaintiff may later supplement the record to enable the Court to determine the merits of its claims, the Court finds that Plaintiff has failed to make a clear showing at the preliminary injunction stage that Plaintiff is likely to prevail in this suit or raise "serious questions" going to the merits.

**(2) Irreparable harm**

Failure to show that irreparable harm will result in the absence of a preliminary injunction is fatal to a request for such relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("*Winter* tells us that plaintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction."). Plaintiff's argument regarding this factor is summarized in its motion in one conclusory paragraph:

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 5

> By its nature, environmental injury is often irreparable. *Cottrell,* 632 F.3d at 1135. Here, the interests of Plaintiff's members will likely be injured by the proposed logging and roading activities. (Juel Decl. at 4, ¶ 7.) Moreover, if the project is allowed to go on, further sediment discharges will cumulatively impact fisheries already nearly devoid of fish; pine marten may be extirpated from forest thinning impacts, and big game habitat will be lost. Logging constitutes irreparable harm, as the forest takes "several decades" to recover. (See, e.g., EA at 120.) Likewise, road building results in soil compaction that persists for "several decades[.]" (EA at 104.)

Motion at 13-14, ECF No. 12.

Plaintiff supported these assertions by arguing that the Project's environmental impact is uncertain, citing Jeff Juel's interest in viewing an "undisturbed" landscape, *see* Second Declaration of Jeff Juel at 4, ECF No. 33, arguing that trees can never be replaced, and alleging that there will be harm to fisheries absent an injunction, *see* Declaration of Katie Fite at 1-9,[1] ECF No. 12-3. However, the Court finds that Plaintiff's allegations as supported by their evidence are too speculative to demonstrate a concrete and particularized harm that creates an irreparable injury in light of Defendants' conflicting arguments and evidence that demonstrate their consideration of environmental impacts. Moreover, despite the fact that certain trees will be permanently removed, logging is not per se an irreparable harm requiring an injunction. *See Earth Island Inst. v. Carlton*, 626

---

[1] Katie Fite stated that "[t]here is no question in my mind, as a matter of science, that these undisclosed potential impacts can have significant adverse effects on the already stressed fisheries."

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 6

F.3d 462, 474 (9th Cir. 2010).  The Court finds that Plaintiff has failed to make an adequate showing of irreparable harm to justify the "extraordinary and drastic remedy" of a preliminary injunction.

### (3) The balance of equities

Plaintiff argues that "[t]he balance of equities tips sharply in the Alliance's favor because Alliance faces permanent damage if this logging activity is to proceed whereas the Defendants merely face delay."  Plaintiff's Reply at 17, ECF No. 32.  Plaintiff again relies on the permanent impact of logging, speculative assertions that there will be immediate harm to wildlife habitats, and Jeff Juel's declarations asserting, among other things, his interests in using and enjoying lands "in their undisturbed state."  Second Declaration of Jeff Juel at 4, ECF No. 33.

On the other hand, Defendants argue that the Project potentially will provide benefits to the environment, *see* Declaration of Michael Borysewicz, ECF No. 23, and it will also significantly benefit the local economy where the Project takes place, *see* Declaration of Joshua Anderson, ECF No. 29.  Defendants argue that if the Project is halted by Court order, dozens of employees earning family wages will be laid off, and the Usk Mill, which had been sitting idle until recently, also will be threatened, leaving even more jobs at risk.  *See id*.  In addition, Defendant Intervenor argues that the landscape already has been disturbed due to previous fires in the area.  *See also* North Fork Mill Creek A to Z Project Environmental Assessment at 77, ECF No. 24-1.

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 7

The Court recognizes that the stated goals of the Project include mitigating risks of fires and insect damage and improving the health of the forests, *see* North Fork Mill Creek A to Z Project Environmental Assessment at 5, ECF No. 24-1; and that these goals may, in fact, further Plaintiff's interests in using and enjoying the subject environment. Defendants' articulated concrete harms of a preliminary injunction include delaying a Project that has been in planning for several years and that has now been set in motion, as well as threatening jobs and a local economy that depend on the Project. Weighing these harms against Plaintiff's assertions of harms that may not be real or significant, the Court finds that the balance of equities weighs sharply against entering a preliminary injunction.

**(4) Public Interest**

Plaintiff states that there is a public interest in preserving nature and in requiring Defendants to adhere to proper legal procedures prior to taking action. *See* Motion at 14, ECF No 12. As previously stated, Plaintiff may later supplement the record at a hearing on the proposed injunction, but the Court finds that Plaintiff has failed to demonstrate how a preliminary injunction will further the public interest.

Defendants submitted substantial evidence of their efforts to assess the environmental impacts of the Project, *see e.g.*, North Fork Mill Creek A to Z Project Environmental Assessment, ECF No. 24-1; how the Project will benefit the environment, *see id.*; and how the Project is the result of a substantial collaboration

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 8

of diverse interests. Considering these factors, in addition to the reality of an economy that depends on this Project, the Court finds that the public interest weighs heavily against entering a preliminary injunction.

## CONCLUSION

In light of the foregoing considerations, the Court finds that all four factors weigh against entering a preliminary injunction pending full briefing and argument in this case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Preliminary Injunction, **ECF No. 12**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 19th day of October 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION ~ 9