Brian A. Ertz
Ertz Law, PLLC
PO Box 665
Boise, ID 83701
(208) 918-1663
*Pro hac vice*

Richard A. Poulin
SCOPE Law Firm, PLLC
PO Box 22091
Seattle, WA 98122-0091
(206) 420-1590

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, | Case No.: 2:16-CV-294-RMP |
| Plaintiff, | **PLAINTIFF'S MOTION TO RETAX COSTS** |
| v. | |
| JIM PENA, in his official capacity as Regional Forester of Region Six U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the United States, and RODNEY SMOLDON, in his official capacity as Supervisor of the Colville National Forest, | 12/10/18 **Without Oral Argument** |
| Defendants. | |

Pursuant to new LCivR 54(d)(1)(D), Plaintiff Alliance for the Wild Rockies ("Alliance") hereby files this Motion to Retax Costs taxed by the Clerk of Court (ECF No. 120). The new rules "are effective October 1, 2018 and apply to all pending and future cases . . . ."[1]

## I. THE COST BILL SHOULD BE REVERSED BECAUSE OF NONCOMPLIANCE WITH THE LOCAL RULE GOVERNING THE CLAIMING AND TAXATION OF COSTS.

This Court should reject the bill of costs because Defendants did not comply with Local Civil Rule 54. LCivR 54(d)(1)(A) requires the party claiming costs to note the verified bill of costs for hearing. Further, The rule specifically requires that "The bill of costs shall be noted for hearing on a date <u>not less than 14 days from the date of service</u>." LCivR 54(d)(1)(A) (emphasis added). Because Defendants did not note the cost bill for hearing on a specified date as required by the rule, costs should have been deemed waived upon the expiration of the applicable time period for claiming costs ("within 14 days after entry of judgment,") and the cost bill should have been rejected. LCivR 54(d)(1)(A).

In any event, the rule authorized Plaintiff to file objections to the bill of costs "[o]n or before the hearing date." LCivR 54(d)(1)(B). Defendants filed their bill of costs – without noting a hearing date – on October 2, 2018. (ECF No. 119). Plaintiff's Objections were filed on October 16, 2018. (ECF No. 121). Under LCivR 54(d)(1)(B), Plaintiff's Objections were timely filed.

Nevertheless, even <u>before</u> Plaintiff's Objections were timely filed, the

---

[1] See, http://www.waed.uscourts.gov/local-civil-rules-eastern-district-washington#rule%2054

Plaintiff's Motion to Retax Costs
Page 1

Clerk improperly approved the unnoted bill of costs. (ECF No. 120). The Clerk's action was improper because the local rule only authorizes the Clerk to tax properly taxable costs "[a]fter the hearing date . . . ." LCivR 54(d)(1)(B) (emphasis added). Here there was no specified hearing date, and in light of "not less than 14 days" requirement, no hearing date could properly have been noted before October 16. LCivR 54(d)(1)(A). As a result, the Clerk could not properly rule on the bill of costs until sometime after October 16.

Given these multiple instances of noncompliance with the Court's rules, the bill of costs as taxed by the Clerk of Court should be overturned, with no costs awarded.

## II. THE CLERK IMPROPERLY AWARDED UNALLOWABLE COSTS – ONLY $426 OF THE COSTS ARE ALLOWABLE.

As stated by LCivR 54(d)(1)(C), the Clerk "shall tax costs which are properly taxable." (emphasis added.) The only proper basis for allowing costs here is 28 U.S.C. § 1920. (There are no US marshals' fees under 28 U.S.C. § 1921; no docket fees or costs of briefs under 28 U.S.C. § 1923; nor excessive costs under 28 U.S.C. § 1927).

For the purposes of this case, the only relevant costs[2] that may be allowed are "the costs of making copies of any materials where the copies are necessarily

---

[2] As explained in the Court's "Bill of Costs Guide," "exemplification costs" (also allowed under 28 U.S.C. § 1920(4) include the costs of producing demonstrative exhibits. Defendants' Bill of Costs do not document or claim any such costs. Bill of Costs Guide at 8, ¶ F.

Plaintiff's Motion to Retax Costs
Page 2

obtained for use in the case." 28 U.S.C. § 1920(4).  As the U.S. Supreme Court explained:

> Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would . . . allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

*Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964). Indeed, the Court's ruling in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437442 (1987) "strictly limits reimbursable costs to those enumerated in section 1920," and "a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." *Romero v. City of Pomona,* 883 F.2d 1418, 1428 (9th Cir. 1989), *rev'd on other grounds, Townsend v. Holman Consulting Corp.,* 929 F.2d 1358 (9th Cir. 1990); *Maxwell v. Hapag-Lloyd Aktiengesellschaft,* 862 F.2d 767, 770 (9th Cir. 1998).

**A. The Evidence of Defendants' Contractor's Activities and Costs**

The party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Nos. C 08–4575 SI, C 09–1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012).

Both of the declarations submitted by Defendants identify the same six tasks performed by Defendants' contractor: (1) converting TIFF images to PDF;

(2) adding Optical Character Recognition; (3) electronically Bates stamping the PDF images; (4) hyperlinking the PDF images to the index; (5) editing the index; and (6) burning the images to DVD. ECF No. 119-1 (*Grimes Decl.* ¶ 3); ECF No. 119-4 (*Brubacher Decl.* ¶ 2). Notably, <u>neither</u> declaration claims that Defendants' contractor physically copied or scanned <u>any</u> paper documents while "preparing" the Administrative Record. ECF No. 119-1 (*Grimes Decl.*); ECF No. 119-4 (*Brubacher Decl.*).

The Clerk improperly approved the bill of costs in which the Defendants lumped <u>all</u> of these tasks and their associated costs together. Defendants inaccurately called the combined tasks "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[,]" and claimed as $5,104.50 in costs (ECF. No. 120 at 1).

As explained in the Brubacher Decl., (ECF No. 119-4), the actual costs that Defendants incurred for these separate tasks are reflected in three separate line items in the contractor's Invoice. (ECF No. 119-3). In fact, the first five of the tasks enumerated above were billed on the Invoices second line item not as "costs of making copies," but as "Computer Time." See, ECF No. 119-4 ¶ 4 (*Brubacher Decl.*), and ECF No. 119-3 (Invoice).

A review of the bill of costs and supporting documents submitted by Defendants demonstrates that only $426 of the costs sought are statutorily authorized. As discussed below, while the first and third line-items of costs invoiced by Defendants' contractor (see, ECF No. 119-3) are allowable, the second line item – for 155.95 hours of "computer time" billed at $30/hour –

plainly is not an authorized cost of "making copies" under 28 U.S.C. § 1920(4).

**B. Plaintiff does not object to paying $426 for the allowable costs.**

Plaintiff does not object to paying the $426 in costs incurred by Defendants' contractor in making the DVD copies of the Administrative Record (AR) and Supplemental AR submitted to the Court and the parties' attorneys. Each copy of the AR required two DVDs (see, ECF No. 76), and the Supplemental AR required one DVD. (See, ECF No 89).  These allowable costs are reflected in the first- and third-line items of contractor TIS's Invoice No. 30188 (ECF No. 119-3) as follows:

- $96.00 for 4 copies of a "4.5 GB Hybrid DVD w/Hyper Index" ($24.00/ea.); and
- $330 for 22 "duplicate copies" of the 4.5 GB "Master Disks" ($15.00/ea.)

(ECF No. 119-3).

**C. "Computer Time" is not an allowable cost.**

Plaintiff objects to the second line item of costs invoiced by TIS, for 155.95 hours of "computer time" billed at $30.00/hour. (ECF No. 119-3). This computer time is not a cost of "making copies" under 28 U.S.C. § 1920(4).

Ninth Circuit precedent makes clear that "[f]ees for exemplification and copying 'are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production.'" *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996), quoting *Romero,* 883 F.2d at 1428. In addition, organizing and coding of the administrative record or electronic files

Plaintiff's Motion to Retax Costs
Page 5

generally is clearly not amongst the statutorily allowed costs. See *Country Vinter of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 258-261 (4th Cir. 2013); Allen v. U.S. Steel, 665 F.2d 689, 697 n.5 (5th Cir. 1982) (cost of gathering documents is not taxable); 28 U.S.C. § 1920 (enumerating taxable costs); see also *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987) (costs not expressly authorized by § 1920 are presumptively precluded).

Both of Defendant's declarations specifically say they are seeking the cost of "preparation" and "finalizing" the Administrative Record. ECF No. 119-1 (*Grimes Decl.* ¶¶ 2, 3); ECF No. 119-4 (*Brubacher Decl.* ¶¶ 1-5). As noted above, neither declaration claims that Defendants' contractor physically copied or scanned <u>any</u> paper documents while "preparing" the Administrative Record. ECF No. 119-1; ECF No. 119-4. Under the cases, Defendants' costs for converting thousands of files from one electronic format to another, adding OCR and electronic Bates stamps, and hyperlinking and editing the record's index are simply not allowable as "making copies." Instead, the hours spent on these tasks constitute "intellectual effort" not permitted as "copy costs."

### D. Defendants improperly seek to recover costs incurred for copies not "necessarily obtained for use in this case."

A failure to provide adequate documentation or detail explaining why costs were necessary is sufficient basis for denying a bill of costs. *Delehant v. United States*, 2012 WL 6455808, at *1 (D. Or. Dec. 13, 2012).

Defendants make no attempt to explain why these costs were necessary copying costs. Defendants' declarations, discussed above, do not explain how or

why the costs listed in the cost bill were "necessarily incurred" as required by the statute. See, ECF No. 119-4; ECF No. 119-1(identifying specific tasks, but not explaining how or why the tasks were necessary as costs of making copies, as listed in the Bill of Costs).

In fact, the government is required to create an administrative record for any administrative action it takes—whether or not the action is challenged in court. See, e.g., 5 U.S.C. §§ 556(e), 557(c). As the Supreme Court explained, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). The fact that the government has been sued does not render preparation of an administrative record "necessary" – such preparation was already necessary. Therefore, the suit should not be an opportunity for the government to recoup costs of a record it is required by law to create.

Further, with limited exceptions the documents included in the administrative record are public records, clearly available to Alliance and others through the Freedom of Information Act (FOIA). 5 U.S.C. § 552 et seq.; see *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). Here Alliance exercised its rights under FOIA during the NEPA process. AR 90585-86; AR 123545-124091. In fact, Defendants digitized and burned DVDs of much of the project record in response to a FOIA request by Steven's County Cattleman's Association, AR 077095-078269, and another request by Friends of the Clearwater, AR119238-120646. As these page numbers indicate, Defendants

Plaintiff's Motion to Retax Costs
Page 7

produced thousands of pages of documents that were later packaged into the administrative record to the public in response to FOIA requests.

The agency record documents created after 2016 likely would have been created in electronic form. Defendant's declarations offer no explanation for why any scanning or document conversion was "necessary" in 2016/2017 despite the fact that they had already produced much of the existing record in response to the public's FOIA requests in electronic PDF format and at no cost to the public. "[C]opies made for the convenience of counsel are ordinarily not taxable costs." *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D.Or. 1995).

Finally, even if it were necessary for defendants to scan and convert thousands of pages of record documents in 2016/2017 – and there is no record evidence that such activities took place or were necessary – the costs allowed for those activities must be reasonable. *Country Vintner*, 718 F.3d at 261. As discussed above, the taxed costs of $5,104.50 include $4,678.50 for "computer time" for tasks which constitute "intellectual effort," that the Defendants have failed to show are necessary, and that are not otherwise recoverable costs under 28 U.S.C. §1920. *Zuill*, 80 F.3d at 1371.

## CONCLUSION

For the reasons stated above, Alliance respectfully requests that this Court deny the bill of costs. In the alternative, Alliance requests the Court to tax only $426 in allowable costs, for the cost of creating the physical copies of DVDs containing the administrative record.

Respectfully submitted this 2nd day of November, 2018.

                        Ertz Law, PLLC

                        By:     <u>s/ Brian Ertz</u>
                                Brian Ertz (ISB #9960)

                        SCOPE Law Firm, PLLC

                        By:     <u>s/ Richard A. Poulin</u>
                                Richard A. Poulin (WSBA #27782)

                        *Attorneys for the Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

                                <u>s/Brian Ertz</u>
                                Brian Ertz