Brian A. Ertz
Ertz Law, PLLC
PO Box 665
Boise, ID 83701
(208) 918-1663
*Pro hac vice*

Richard A. Poulin
SCOPE Law Firm, PLLC
PO Box 22091
Seattle, WA 98122-0091
(206) 420-1590

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, | Case No.: 2:16-CV-294-RMP |
| Plaintiff, | **PLAINTIFF'S REPLY re: MOTION TO RETAX COSTS** |
| v. | 12/10/18 |
| JIM PENA, in his official capacity as Regional Forester of Region Six U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the United States, and RODNEY SMOLDON, in his official capacity as Supervisor of the Colville National Forest | **Without Oral Argument** |
| Defendants. | |

## I. THE COST BILL SHOULD BE REVERSED BECAUSE OF DEFENDANTS' NONCOMPLIANCE WITH LCivR 54.

Defendants' failure to comply with LCivR 54 is a proper basis for denying costs here: grounds for denying costs include misconduct by the prevailing party. *Quan v. Computer Sciences Corp.,* 623 F.3d 870, 888 (9th Cir. 2010), quoting *Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1022 (9th Cir. 2003).

Defendants admit they did not note the Bill of Costs for hearing as required by local rule. (ECF No. 124 at 8.) Defendants also concede that the Clerk improperly ruled on the Bill of Costs. (*Id.*) The Clerk's award of costs was improper both because the award was premature under LCivR 54(d)(1)(B), and because the Clerk acted without considering Plaintiff's timely objections. In addition, Defendants' noncompliance is not moot, because their misconduct deprived Plaintiff of the opportunity to present arguments to the Clerk of Court and thereby avoid the costs of filing the Motion to Retax and this reply brief.

"The district court retains the discretion to deny an award of costs to a prevailing party under Rule 54(d)(1)." *Quan,* 623 F.3d at 889. The court should exercise its equitable discretion to reverse and disallow the Bill of Costs.

## II. THE COST BILL SHOULD BE REVERSED BECAUSE DEFENDANTS' INVOICE IMPERMISSIBLY COMMINGLES ALLOWABLE AND UNALLOWABLE COSTS.

"[T]he Federal Circuit, applying Ninth Circuit precedent, has held that the party seeking costs has the burden of providing an itemized list with sufficient specificity." *Oracle America, Inc. v. Google, Inc.*, 2012 WL 3822129 (N.D. Cal.

2012) at *3, citing *In re Ricoh Co., Ltd. Patent Litigation,* 661 F.3d 1361, 1368 (Fed.Cir. 2011). Applying this rule, the court denied prevailing party Google's request for nearly three million dollars in e-discovery costs because the bill of costs included line items that billed for "intellectual effort." *Oracle America, Inc.,* 2012 WL 3822129 at *3.

Under binding Ninth Circuit authority, fees for copying "are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (internal quotes and citation omitted). Nevertheless, Defendants seek costs for producing and editing an index for the AR. Creating and editing an index are obviously tasks that require intellectual effort beyond the mere copying and processing of documents or digital files. Creating and editing a complex index are the kinds of tasks that are more like non-taxable attorney or paralegal work than copying. Defendants cite no cases as holding that the costs of creating or "editing" an index are allowable. (ECF No. 124 at 3-6.) Authorities to the contrary include *Race Tires America, Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 167, 171 (3rd Cir. 2012) (disallowing costs for processing and indexing electronically stored information); and *Country Vinter of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 252-53, 261 (4th Cir. 2013) (disallowing costs for indexing electronically stored information and for Bates-stamping PDF documents).

As Plaintiff explained (ECF No. 123 at 5) and Defendants did not dispute, the contractor's invoice at issue here (ECF No. 119-3) combined five separate

Plaintiff's Reply on Motion to Retax Costs
Page 2

tasks and billed those tasks on the invoice's second line item as "Computer Time." The Invoice's second line item shows that Defendants were billed $4,678.50 for 155.95 hours of undifferentiated time, billed at $30/hour. While costs for some of the five separate tasks have been allowed by district courts elsewhere in the Ninth Circuit, Defendants have failed to meet their obligation of providing sufficiently-specific billing information to allow this Court to separate the potentially-allowable costs (such as converting TIFF images to PDF format) from the never-allowable costs for the intellectual effort of creating and editing an index.

Defendants mistakenly assert that the Brubacher Decl. is suffient to show that the costs billed did not include intellectual effort. (ECF No. 124 at 4, citing *Apple Inc. v. Samsung Electronics Co.*) This is incorrect: in *Apple Inc.,* the court held that a declaration of counsel asserting that "'Apple seeks only the amounts associated with electronic preparation and duplication, not the intellectual effort involved in the production'" was appropriate, supporting documentation. *Apple, Inc. v. Samsung Elecs. Co.,* 2014 WL 4745933 (N.D. Cal. 2014) at *12. Defendants did not submit any such declaration of counsel, and the Brubacher Decl. (ECF No. 119-4) contains no such – or similar – assertion.

Accordingly, this Court should follow the persuasive authority of *Oracle America* and disallow Defendants' insufficiently-specific bill for all of the separate tasks lumped together as "Computer Time." *Oracle America, Inc.,* 2012 WL 3822129 at *3. Defendants failed to meet their burden to "establish[] the amount of compensable costs and expenses to which [they are] entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Nos. C 08–4575 SI, C

09–1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012).

Defendants cite *Brown v. McGraw-Hill Cos.* as authority for the proposition that "electronic scanning of documents is the modern-day equivalent of . . . copies of paper[.]" (ECF No. 124 at 2-3.) But as emphasized in Plaintiff's motion (ECF No. 123 at 5 of 10) , neither the Grimes nor the Brubacher declaration states that Defendants' contractor physically copied or scanned <u>any</u> paper documents while "preparing" the Administrative Record in this case. ECF No. 119-1 (*Grimes Decl.*); ECF No. 119-4 (*Brubacher Decl.*)

Further, without providing any page citation, Defendants falsely claim that the Brubacher Declaration shows that Defendants seek to recover only the costs of "taking those various documents prepared by specialists along with other research or treatises which support their conclusions, and physically scanning them into an electronic format . . . ." (ECF No. 124 at 5.) This is simply not true – the Brubacher Decl. does not state that any physical scanning of documents took place, and the itemized costs do not include any document scanning. (ECF No. 119-4 (*Brubacher Decl.*), ECF No. 119-3 (Invoice).)

**A. Defendants' Response fails to show that the costs it seeks were necessary.**

Defendants' Response fails to address the substance of Plaintiff's argument, that Defendants cannot show it was "necessary" for its contractors to convert some thousands of pages to PDF and add OCR capability to much of the AR, because Defendants had already performed these tasks when responding to FOIA requests from Plaintiff and others. (ECF No. 123 at 8 of 10.) Again,

Defendants' declarations do not explain how or why the costs listed in the cost bill were "necessarily incurred" as required by the statute. See, ECF No. 119-4; ECF No. 119-1(identifying specific tasks, but not explaining how or why the tasks were necessary as costs of making copies, as listed in the Bill of Costs).

Defendants' implicit argument that it is entitled to recover for costs not necessarily incurred is not supported by any citation to authority, and should be rejected.

**B. Citation of distinguishable cases does not support the reasonableness of Defendants' Bill of Costs.**

Finally, Defendants cite three cases in a failed effort to demonstrate the reasonableness of their cost bill. (ECF No. 124 at 7.) The cases are readily distinguishable, and provide no support for Defendants' argument.

In *Conservation Congress,* the court approved the costs incurred in "scanning, duplicating, collating, and Bates-stamping the administrative record[.]" *Conservation Congress v. U.S. Forest Service,* 2014 WL 6612088 (E.D. Cal. 2014) at *1.  There was no scanning or collating of documents here, and the only duplicating involved the copying of DVDs.

The costs approved in *Pit River Tribe* included copying costs for both paper ("hard") and digital copies of two separate administrative records of unstated length -- both of which were filed *and* served in two separate, later-consolidated cases. *Pit River Tribe v. Bureau of Land Management,* 2013 WL 6185240 (E.D. Cal. 2013) at *1, *3. The award of costs incurred in *Pit River Tribe* simply has no bearing on the reasonableness of the costs at issue here.

Plaintiff's Reply on Motion to Retax Costs
Page 5

*Friends of Tahoe Forest Access* involved the "costs incurred to create electronic and hard copies" of an administrative record of unstated length. *Friends of Tahoe Forest Access v. U.S. Dep't of Agriculture*, 2014 WL 1575622 (E.D. Cal. 2014) at *3. The award of costs incurred in Friends of Tahoe Forest Access simply has no bearing on the reasonableness of the costs at issue here.

## CONCLUSION

For the reasons stated above, Alliance respectfully requests that this Court deny the bill of costs. In the alternative, Alliance requests the Court to tax only $426 in allowable costs, for the cost of creating the physical copies of DVDs containing the administrative record.

Respectfully submitted this 20th day of November, 2018.

                Ertz Law, PLLC

                By:      s/ Brian Ertz_____
                               Brian Ertz (ISB #9960)

                SCOPE Law Firm, PLLC

                By:      s/ Richard A. Poulin_____
                               Richard A. Poulin (WSBA #27782)

                *Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

s/Richard A. Poulin
Richard A. Poulin
